IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MARK J. JONES, SR.,**

    Petitioner

    v.                                                         **CRIMINAL NO. 2:14cr132**
                                                                  **CIVIL NO. 2:16cv106**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

This matter comes before the Court on the Motion for a Certificate of Appealability, ECF No. 212, Motion for Reconsideration, ECF No. 213, Supplemental Motion for Reconsideration, ECF No. 229, and Motion to Reduce Sentence, ECF No. 230, all filed by Mark J. Jones ("Petitioner"). For the reasons set forth below, the Court **DENIES** or **DISMISSES** all of these Motions.

### I. BACKGROUND

On April 27, 2015, Petitioner pled guilty to three counts of a modified criminal information. ECF No. 52; see also Plea Agreement, ECF No. 55; Statement of Facts, ECF No. 56. Counts One and Two of the criminal information charged Petitioner with Mail Fraud in violation of 18 U.S.C. § 1341, and Count Three charged Petitioner with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). Criminal Information, ECF No. 53.

On December 7, 2015, this Court sentenced Petitioner to 126 months of imprisonment. Sentencing Hr'g, ECF No. 155; J., ECF No. 158. Consistent with his plea agreement, Petitioner did not file an appeal. See Plea Agreement ¶ 5 (waiving right to appeal conviction or sentence).

1

On February 29, 2016, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (his "Initial § 2255 Motion") and an accompanying memorandum in support. ECF Nos. 173–74. Petitioner asserted four grounds for relief in his motion and memorandum. Id. On March 7, 2016, this Court ordered the government to respond to Petitioner's Initial § 2255 Motion within sixty (60) days. Order, ECF No. 175. On March 29, 2016, before the government had responded to Petitioner's Initial § 2255 Motion, Petitioner filed a supplemental brief, wherein he asserted an additional ground, his fifth, for § 2255 relief. ECF No. 179.

On May 5, 2016, the government responded to Petitioner's Initial § 2255 Motion and also addressed the new ground for relief raised by his supplemental brief. ECF No. 181. On May 18, 2016, Petitioner filed a Motion to Compel a Response from the Government and Supplemental Pleading Expanding the Record on Petitioner's 28 U.S.C. § 2255 Motion. ECF No. 185. Within this filing, Petitioner moved the Court to compel the government to respond to his Initial § 2255 Motion and asserted an additional ground, his sixth, for § 2255 relief. Id. In a May 18, 2016 Order, this Court denied the Motion to Compel because the government had in fact responded to Petitioner's Initial § 2255 Motion. Order, ECF No. 186. In an abundance of caution, the Court extended the time for Petitioner to reply to the government's response. Id. The Court also explained to Petitioner that § 2255 Motions were treated like civil lawsuits and that Petitioner could amend his petition by right only once, a right exercised by Petitioner with his first Supplemental Brief. Id. However, the Court informed Petitioner that it would consider the sixth ground for § 2255 relief that he raised along with his Motion to Compel. Id. The Court also gave the government a chance to reply to this new ground for relief and gave Petitioner the right to reply to the government's response. Id. The Court informed Petitioner that he could not amend or

supplement his Initial § 2255 Motion further without leave of this Court. Id.

On May 23, 2013, Petitioner replied to the government's response. ECF No. 187. On June 15, 2016 the government responded to the new ground for relief raised by Petitioner in his Motion to Compel. ECF No. 189. On June 22, 2016, Petitioner replied to that response. ECF No. 193. Petitioner did not limit his reply to the contents of the government's response to his sixth ground for § 2255 relief, but made arguments concerning all six grounds for § 2255 relief that he had raised. Id.

In addition to the various amendments and supplements to his Initial § 2255 Motion, Petitioner made several motions in which he asked to subpoena witnesses and documents, to otherwise conduct discovery in support of his Initial § 2255 Motion, and to have the government respond to his discovery motions. ECF Nos. 188, 197, and 205. Because the merit or lack of merit of these motions depended on the Court's consideration of Petitioner's pleadings in support of his Initial § 2255 Motion, the Court did not ask the government to respond to them.

On September 6, 2016, the Court denied Petitioner's Initial § 2255 Motion and all other motions pending before the Court at that time. ECF No. 175. The Court declined to issue Petitioner a certificate of appealability. Id. at 16-17.

On October 17, 2016 Petitioner filed a Motion Requesting a Certificate of Appealability and a Motion for Reconsideration. ECF Nos. 212, 213. But, on the same day, Petitioner filed a Notice of appeal. ECF No. 214. On February 28, 2017, the Fourth Circuit also denied Petitioner a certificate of appealability and dismissed his appeal. ECF No. 224.

On March 6, 2017, the Fourth Circuit docketed a motion made by Petitioner under 28 U.S.C. § 2244 that requested an order authorizing this Court to consider a second or successive application for relief under 28 U.S.C. § 2255. See ECF No. 227. On March 27, 2017, the Fourth

3

Circuit denied that motion. Id.

Nonetheless, on May 1, 2017, Petitioner filed a Supplemental motion for Reconsideration, purporting to amend his October 17, 2017 Motion for Reconsideration to include an argument based on a new Supreme Court ruling. ECF No. 229. On May 11, 2017, Petitioner filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582. ECF No. 230. The Fourth Circuit issued its Mandate on May 30, 2017. ECF No. 233.

The Court will address each pending motion in turn.

## II. DEFENDANT'S MOTIONS

### A. MOTION FOR CERTIFICATE OF APPEALABILITY

In his Motion for a Certificate of Appealability, Petitioner represents that—at the time of filing—he had not received the Order denying his Initial § 2255 Motion because he was in transit when the Court issued that Order. ECF No. 212 at 2. Although he purportedly did not know whether the Court granted him a certificate of appealability, he nonetheless requested one and listed the claims he raised in his Initial § 2255 Motion. Id. However, when the Court issued its Order denying Petitioner's Initial § 2255 Motion, it denied a certificate of appealability. ECF No. 207 at 16. The Fourth Circuit also denied Petitioner a certificate of appealability. See ECF No. 224. In its Order denying Petitioner's Initial § 2255 Motion, the Court found Petitioner had "failed to demonstrate 'a substantial showing of the denial of a constitutional right.'" ECF No. 207 at 16 (citation omitted). The Court's opinion has not changed. Accordingly, Petitioner's Motion for a Certificate of Appealability is **DENIED**.

### B. MOTION FOR RECONSIDERATION

In his Motion for Reconsideration, Petitioner requests that the Court reconsider the denial of his Initial § 2255 Motion pursuant to Federal Rule of Civil Procedure 60(b) because, he alleges, the Government committed fraud or misconduct by failing to respond to the various

4

discovery requests that Petitioner made in support of his Initial § 2255 Motion. ECF No. 213 at 2-3.

Rule 60(b) states that upon motion of a party and upon such terms that are just, the court may relieve a party from final judgment based on any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

However, when a prisoner files a Rule 60(b) motion regarding a court's decision denying relief under § 2255, the court should ensure the filing is a proper Rule 60(b) motion that alleges defects in the collateral review process itself. See Gonzalez v. Crosby, 545 U.S. 524, 531-36 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) (stating subject matter of motion determines its status, not its caption)); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."). A motion that seeks to add a new ground for relief or attacks the federal court's previous resolution of a claim on the merits does not seek relief under Rule 60(b), but is a second or successive § 2255 request. See Gonzalez, 545 U.S. at 532; Winestock, 340 F.3d at 206. Purported Rule 60(b) motions that, in substance, seek a second § 2255 review are tantamount to successive applications for § 2255 relief and require Petitioner to receive permission to file from the Circuit Court. United States v. Barber, 519 Fed. Appx. 208, 209 (4th Cir. 2013).

Petitioner's Motion for Reconsideration, ECF No. 213, properly seeks relief under Rule 60(b). Nonetheless, Petitioner has not demonstrated that the Government committed fraud or misconduct by failing to respond to his discovery requests. Indeed, the Court considered Petitioner's discovery requests pursuant to Rule 6 of the Rules Governing Section 2255

Proceedings. ECF No. 207 at 16. The Court found that good cause for discovery did not exist because Petitioner's initial § 2255 claims were without merit. ECF No. 207 at 16. Accordingly, the Government was not required to respond to those requests and did not commit fraud or misconduct. Petitioner's Motion for Reconsideration is therefore **DENIED**.

### C. SUPPLEMENTAL MOTION FOR RECONSIDERATION

In his Supplemental Motion for Reconsideration, Petitioner requests resentencing in light of a Supreme Court decision that, Petitioner argues, created a new substantive rule of constitutional law that should retroactively apply to Petitioner. ECF No. 229 at 2-3. Unlike Petitioner's initial Motion for Reconsideration, his Supplemental Motion asserts a new legal argument and is thus properly construed as a new § 2255 claim. See Winestock, 340 F.3d at 207("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). Before filing his Supplemental Motion for Reconsideration, Petitioner moved the Fourth Circuit for an order authorizing this Court to consider a second or successive § 2255 motion, but the Fourth Circuit denied that motion. ECF No. 227. Accordingly, this Court is without jurisdiction to consider Petitioner's second motion seeking § 2255 relief, and Petitioner's Supplemental Motion for Reconsideration is **DISMISSED**.

### D. MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

In his Motion to Reduce Sentence, Petitioner moves this Court to resentence him after recalculating his guideline range based on a Criminal History Category of II, rather than III. ECF No. 230. Specifically, Petitioner argues the Court should have granted him a downward departure from the otherwise applicable criminal history category and/or should not have attributed him with a criminal history point based on his possession of marijuana. Id. at 2-3.

6

Petitioner cites 18 U.S.C. § 3582 as the basis for his request. Section 3582(c) allows a court to modify a term of imprisonment only (1) upon motion of the Director of the Bureau of Prisons for "extraordinary and compelling reasons" or based on a defendant's age, time served, and lack of danger to others; (2) to the extent otherwise permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission and reduction is consistent with applicable policy statements issued by the Sentencing Commission. Petitioner also references Federal Rule of Criminal Procedure 36, which allows a sentencing court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36.

Petitioner's motion does not allege or establish any grounds on which this Court can reduce his sentence under 18 U.S.C. § 3582 or Rule 36. Accordingly, Petitioner's Motion to Reduce Sentence is **DENIED**.[1]

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion for a Certificate of Appealability, ECF No. 212; the Court **DENIES** Petitioner's Motion for Reconsideration, ECF No. 213; the Court **DISMISSES** Petitioner's Supplemental Motion for Reconsideration, ECF No. 229; and the Court **DENIES** Petitioner's Motion to Reduce Sentence, ECF No. 230.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

---

1. Nor is the Court aware of any more favorable way it could construe Petitioner's Motion to Reduce Sentence. For example, the Court is without jurisdiction to consider a second request for relief under § 2255.

Because Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to the United States Attorney's Office and to the Petitioner.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 19, 2018