IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MARK J. JONES, SR.,**

    **Petitioner**                                           **CRIMINAL NO. 2:14cr132**
                                                                  **CIVIL NO. 2:16cv106**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

This matter comes before the Court on the Motion to Alter or Amend the Judgment ("Motion"), Pursuant to Fed. R. Civ. P. Rule 59(e). ECF No. 263, filed by Mark J. Jones ("Petitioner"). For the reasons set forth below, the Court **DENIES** the Motion.

### I. BACKGROUND

For purposes of clarity, the Court restates the procedural history and background of this matter, as set forth in its Order dated August 10, 2018. ECF No. 262. On April 27, 2015, Petitioner pled guilty to three counts of a modified criminal information. ECF No. 52; see also Plea Agreement, ECF No. 55; Statement of Facts, ECF No. 56. Counts One and Two of the criminal information charged Petitioner with Mail Fraud in violation of 18 U.S.C. § 1341, and Count Three charged Petitioner with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). Criminal Information, ECF No. 53.

On December 7, 2015, this Court sentenced Petitioner to 126 months of imprisonment. Sentencing Hr'g, ECF No. 155; J., ECF No. 158. Consistent with his plea agreement, Petitioner did not file an appeal. See Plea Agreement ¶ 5 (waiving right to appeal conviction or sentence).

1

On February 29, 2016, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (his "Initial § 2255 Motion") and an accompanying memorandum in support. ECF Nos. 173–74. Petitioner asserted four grounds for relief in his motion and memorandum. Id. On March 7, 2016, this Court ordered the government to respond to Petitioner's Initial § 2255 Motion within sixty (60) days. Order, ECF No. 175. On March 29, 2016, before the government had responded to Petitioner's Initial § 2255 Motion, Petitioner filed a supplemental brief, wherein he asserted an additional ground, his fifth, for § 2255 relief. ECF No. 179.

On May 5, 2016, the government responded to Petitioner's Initial § 2255 Motion and also addressed the new ground for relief raised by his supplemental brief. ECF No. 181. On May 18, 2016, Petitioner filed a Motion to Compel a Response from the Government and Supplemental Pleading Expanding the Record on Petitioner's 28 U.S.C. § 2255 Motion. ECF No. 185. Within this filing, Petitioner moved the Court to compel the government to respond to his Initial § 2255 Motion and asserted an additional ground, his sixth, for § 2255 relief. Id. In a May 18, 2016 Order, this Court denied the Motion to Compel because the government had in fact responded to Petitioner's Initial § 2255 Motion. Order, ECF No. 186. In an abundance of caution, the Court extended the time for Petitioner to reply to the government's response. Id. The Court also explained to Petitioner that § 2255 Motions were treated like civil lawsuits and that Petitioner could amend his petition by right only once, a right exercised by Petitioner with his first Supplemental Brief. Id. However, the Court informed Petitioner that it would consider the sixth ground for § 2255 relief that he raised along with his Motion to Compel. Id. The Court also gave the government a chance to reply to this new ground for relief and gave Petitioner the right to reply to the government's

response. Id. The Court informed Petitioner that he could not amend or supplement his Initial § 2255 Motion further without leave of this Court. Id.

On May 23, 2016, Petitioner replied to the government's response. ECF No. 187. On June 15, 2016 the government responded to the new ground for relief raised by Petitioner in his Motion to Compel. ECF No. 189. On June 22, 2016, Petitioner replied to that response. ECF No. 193. Petitioner did not limit his reply to the contents of the government's response to his sixth ground for § 2255 relief, but made arguments concerning all six grounds for § 2255 relief that he had raised. Id.

In addition to the various amendments and supplements to his Initial § 2255 Motion, Petitioner made several motions in which he asked to subpoena witnesses and documents, to otherwise conduct discovery in support of his Initial § 2255 Motion, and to have the government respond to his discovery motions. ECF Nos. 188, 197, and 205. Because the merit or lack of merit of these motions depended on the Court's consideration of Petitioner's pleadings in support of his Initial § 2255 Motion, the Court did not ask the government to respond to them.

On September 6, 2016, the Court denied Petitioner's Initial § 2255 Motion and all other motions pending before the Court at that time. ECF No. 207. The Court declined to issue Petitioner a certificate of appealability. Id. at 16-17.

On October 17, 2016 Petitioner filed a Motion Requesting a Certificate of Appealability and a Motion for Reconsideration. ECF Nos. 212, 213. However, on the same day, Petitioner filed a Notice of Right to Appeal. ECF No. 214. On February 28, 2017, the Fourth Circuit also denied Petitioner a certificate of appealability and dismissed his appeal. ECF No. 224.

On March 6, 2017, the Fourth Circuit docketed a motion made by Petitioner under 28 U.S.C. § 2244 that requested an order authorizing this Court to consider a second or successive

application for relief under 28 U.S.C. § 2255. See ECF No. 227. On March 27, 2017, the Fourth Circuit denied that motion. Id.

Nonetheless, on May 1, 2017, Petitioner filed a Supplemental Motion for Reconsideration, purporting to amend his October 17, 2017 Motion for Reconsideration to include an argument based on a new Supreme Court ruling. ECF No. 229. On May 11, 2017, Petitioner filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582. ECF No. 230. On April 20, 2018, the Court denied all then-pending motions. ECF No. 251.

On July 23, 2018, Petitioner filed a Motion Under Seal for a Reduction in Petitioner's Sentence or Modification of Sentence, Pursuant to Fed. R. Crim. P. Rule 35(b). ECF No. 259. In his Motion, Petitioner represented that agents from the Internal Revenue Service and the Department of Justice interviewed him three times, he provided information regarding three co-conspirators, he made calls to co-conspirators that the IRS recorded, he indicated a willingness to testify against his co-conspirators, and he was brought to the Eastern District of New York to testify before a grand jury. ECF No. 259 at 3-5. He further represented that he testified against his co-defendant at trial in the Eastern District of Virginia, and that each of his three co-conspirators were indicted, convicted, and sentenced in 2017. Id. For his substantial assistance, the United States Attorney's Office in the District of Colorado moved to have his sentence in that District reduced, and the court there reduced his eighteen-month sentence by one year. Id. at 4. Petitioner asserted that he had been promised a sentence reduction in the Eastern District of Virginia, citing his Plea Agreement in which he agreed to cooperate and the United States reserved the right to make a motion for a reduction in sentence, and citing the United States' statement during sentencing: "Obviously, one of the things that is in [Petitioner's] favor is the fact that he did cooperate, he did testify, and the government will make a motion for him at the appropriate time."

Dec. 7, 2015 Sentencing Tr., ECF No. 259-1 at 23. Petitioner argued that (1) the United States' statement at sentencing modified his plea agreement to require that the United States move to reduce Petitioner's sentence for substantial assistance, which modified agreement the United States had allegedly breached, and (2) the United States' refusal to move for a sentence reduction was based on Petitioner's race and religion—African American and Rastafarian Jewish Nazirite—not any legitimate government interest. ECF No. 259. The Court denied Defendant's 35(b) Motion, noting that "it is clear that Petitioner's written plea agreement does not obligate the Government to file a Rule 35(b) motion" and finding that "Petitioner...failed to allege any enforceable promise by the Government to file a Rule 35(b) motion in his case." ECF No. 262 at 6-7. The Court further found that "Petitioner...failed to make a substantial showing of any unconstitutional motive by the Government." Id. at 7.

In the instant Motion before the Court, Defendant asks the Court to alter or amend the Court's August 10, 2018 judgment denying Petitioner's Motion for a Reduction in Petitioner's Sentence. ECF No. 263. Petitioner argues that "the Court should look again at what [Petitioner] is arguing" and, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend the Court's prior judgment. ECF No. 263 at 2.

## II. PETITIONER'S RULE 59(E) MOTION

Petitioner seeks review under Rule 59 of the Federal Rules of Civil Procedure. Rule 59 permits a party to move to "alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

The Fourth Circuit has set forth three circumstances for granting a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "[S]uch motion should not be used to 'rehash'

5

arguments previously presented or to submit evidence which should have been previously submitted." Moore v. United States, CIV.A. 2:05CV244, 2006 WL 763656 (E.D. Va. Mar. 23, 2006) (citing Hutchinson, 994 F.3d at 1082; Rouse v. Nielsen, 851 F. Supp. 717, 734 (D.S.C. 1994)). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

After reviewing Petitioner's Rule 59(e) Motion, the Court finds that Petitioner has failed to state any changes in controlling law, any new evidence not available at trial, or any clear error of law that would warrant granting Petitioner's motion. In essence, Petitioner simply restates key portions of the arguments set forth in his Motion for a Reduction in Petitioner's Sentence. Specifically, Petitioner asserts that the government advised Petitioner that it "intend[ed] to make a substantial assistance motion[] at a later time," that such statement orally modified the original plea agreement, and that "the government breached the plea agreement" by not filing a Rule 35(b) motion. ECF No. 263 at 4, 7-8.

The Court previously addressed these issues at length in its August 10, 2018 Order denying Petitioner's Motion for a Reduction in Petitioner's Sentence or Modification of Sentence. ECF No. 262 at 4-7. Petitioner now merely seeks to have the Court "look again at what [he is] saying." ECF No. 263 at 2. It is clear that Petitioner disagrees with this Court's ruling. However, "mere disagreement does not support a Rule 59(e) motion" and the Court finds that Petitioner has failed to demonstrate any of the circumstances under which this Court would grant a Rule 59(e) motion. Hutchinson, 994 F.3d at 1081-82.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to Alter or Amend the Judgment, Pursuant to Fed. R. Civ. P. Rule 59(e), ECF No. 263.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written

notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

Because Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to the United States Attorney's Office and to the Petitioner.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
October 30, 2018